UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDGAR ANTONIO BARRIOS SOLORZANO,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER; SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE),

Respondents.

Case No.: 26-cv-3999-JES-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Edgar Antonio Barrios Solorzano's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return to the petition. ECF No. 5.

Petitioner is a native of Venezuela who came to the United States on December 10, 2022, under the Venezuelan Humanitarian Parole program. Pet. at 2. Following his admission into the United States, Petitioner established his residence in West Palm Beach, Florida, and the United States Citizenship and Immigration Services ("USCIS") approved

Petitioner's application for Temporary Protected Status ("TPS"). *Id.* Prior to the expiration of his TPS status, Petitioner filed an application for asylum and for withholding of removal. *Id.* Petitioner was also granted employment authorization. *Id.* at 3.

On April 29, 2026, while working as a delivery driver for a FedEx contractor in West Palm Beach, Florida, Petitioner was detained and taken into the custody of United States Immigration and Customs Enforcement ("ICE"). *Id.* At the time of his detention, Petitioner maintained a fixed residence known to immigration authorities, was lawfully employed, possessed a valid employment authorization, had a pending application for asylum and for withholding of removal, had no criminal record and never failed to comply with any immigration requirement of which he had been notified. *Id.* Petitioner is currently detained at Otay Mesa Detention Center. Pet. at 2.

In their return, Respondents acknowledge that Petitioner had previously been released on parole, but argue that Petitioner's parole expired on December 8, 2024. ECF No. 5 at 2. Respondents further acknowledge that courts have routinely held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). *Id.* (citing multiple cases so holding). As such, Respondents state that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision" and that they "defer[] to the Court on the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Respondents acknowledge that Petitioner was previously paroled into the United States and that he was previously released by the government in December 2022. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. The Government is **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **July 28, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 21, 2026

Honorable James E. Simmons Jr.
United States District Judge